# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BRENDA DONARSKI,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN CRYSTAL SUGAR,<br><br>                    Defendant. | Civil No. 11-2117 (JRT/LIB)<br><br>**ORDER DENYING<br>DEFENDANT'S MOTION<br>TO DISMISS** |

Andrea F. Rubenstein and Lawrence P. Schaefer, **SCHAEFER LAW FIRM, LLC**, 400 South Fourth Street, Suite 202, Minneapolis, MN 55415, for plaintiff.

David J. Duddleston, V. John Ella, **JACKSON LEWIS LLP**, 225 South Sixth Street, Suite 3850, Minneapolis, MN 55402, for defendant.

Plaintiff Brenda Donarski missed the deadline to serve her complaint on Defendant American Crystal Sugar ("ACS") by one business day because of a calendaring error. ACS moved to dismiss for untimely service under Federal Rule of Civil Procedure 4(m). Because the Court finds that Donarski's error is excusable under the circumstances, it will grant an extension of time for service and therefore deny ACS's motion to dismiss.

## BACKGROUND

On June 27, 2011, plaintiff Brenda Donarski filed a complaint asserting discrimination and retaliation under Title VII of the Civil Rights Act. (Compl., Docket No. 1.) Donarski's counsel "mistakenly and inadvertently made note of the wrong date

for the 120 day deadline for service in Federal Courts." (Mem. in Opp'n to Mot. to Dismiss at 1, Jan. 9, 2012, Docket No. 9; Aff. of Andrea Rubenstein ¶¶ 3-4, Jan. 9, 2012, Docket No. 10.) As a result, Donarski served the complaint on November 28, 2011, one business day after expiry of the 120 day period for service provided in Federal Rule of Civil Procedure 4(m).[1] That same day, United States Magistrate Judge Leo I. Brisbois issued an Order observing that Donarski had not yet provided proof of service. (Order, Nov. 28, 2011, Docket No. 2.) The Order provided: "Within 20 days of this Order, Plaintiff shall provide proof of service or show good cause for an extension of time to serve the Defendant." (*Id.* at 2.) Donarski filed an Affidavit of Service within 20 days of the Order. (Aff. of Service, Dec. 9, 2011, Docket No. 4.) ACS then moved to dismiss for lack of service of process. (Dec. 19, 2011, Docket No. 5.)

The parties dispute the significance of the Magistrate Judge's November 28 Order. Donarski interprets the Order to extend by 20 days the 120-day deadline for service provided by Fed. R. Civ. P. 4(m). ACS interprets the Order to require that within 20 days, Donarski either show that service was accomplished within the 120-day period or request an extension for service demonstrating good cause for the extension. Because Donarski did neither of those things, ACS argues that dismissal is appropriate.

---

[1] Because the 120th day after filing fell on Thanksgiving, a holiday recognized by the rules, the service period expired on November 25, 2011. Fed. R. Civ. P. 6(a)(1) (computing time), (a)(6) (legal holidays).

## ANALYSIS

The Court will not parse the language of the Magistrate Judge's November 28, 2010 Order. Federal Rule of Civil Procedure 4(m) provides that plaintiffs must effect service 120 days after filing the complaint.

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). On a Rule 4(m) motion to dismiss, the Court first asks whether the plaintiff has demonstrated good cause for its failure to serve within the 120-day period. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 612-13 (8th Cir. 2003). If the plaintiff demonstrates good cause, an extension of time is mandatory. *Id.* Absent good cause, the district court may, in its discretion, grant an extension of time if plaintiff demonstrates excusable neglect. *Id.*

"Excusable neglect" requires "good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *see also United States v. McLaughlin*, 470 F.3d 698, 700-01 (7th Cir. 2006) ("Neglect is excusable . . . if there is a reason, which needn't be a compelling reason, to overlook it."). Moreover, where an extension of time does not prejudice a defendant's ability to defend the suit, and where dismissal without prejudice has the effect of dismissal **with** prejudice because the statute of limitations has run, an extension of time is particularly appropriate. *See Colasante*, 81 Fed. App'x at 614 (quoting *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)).

Donarski's only reason for missing the 120-day service deadline was counsel's inadvertent calendaring error. The Court finds that this neglect, though of course not justifiable, is excusable under the circumstances. Donarski missed the deadline for service by only one day. ACS does not argue that this delay prejudices its defense; there are no pending discovery deadlines, and the pretrial conference has not yet occurred. The harm to ACS of excusing Donarski's error is therefore minimal. *See Rollerblade, Inc. v. Rappelfeld*, 165 F.R.D. 92, 93, 95 (D. Minn. 1995) (denying Rule 4(m) motion to dismiss where no prejudice resulted from a 20-day extension); *see also McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 994-95 (D. Minn. 1999) (extending time for service absent good cause where delay beyond the deadline was minimal).

By contrast, the consequence to Donarski of dismissing the complaint with prejudice would be severe. The statute of limitations has run on Donarski's Title VII claim. 42 U.S.C. §§ 2000e-5(e)(1) (establishing 180-day statute of limitations for Title VII actions). Dismissal without prejudice would thus functionally extinguish Donarski's claim. The Court's exercise of discretion to enlarge time for service is therefore particularly appropriate. *See Colasante*, 81 Fed. App'x at 614; Rule 4(m) advisory committee note ("Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."). In sum, because the balance of hardships favors Donarski, the Court will extend time for service by 20 days. Because Donarski effected service within 20 days of the Rule 4(m) period, the Court will deny ACS's motion to dismiss.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss [Docket No. 5] is **DENIED**.

DATED: April 2, 2012                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                                      United States District Judge